UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACQUELYN ANN LE, <br><br> Plaintiff, <br><br> v. <br><br> OFFICER BAVA, et al., <br><br> Defendants. | CASE NO. C15-1165JLR <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

## I.  INTRODUCTION

This matter comes before the court on Defendants Officer Bava, Officer Nixon, and the City of Kent's (collectively, "Defendants") motion to dismiss. (*See* MTD (Dkt. # 10).) Plaintiff Jacquelyn Le, proceeding pro se and *in forma pauperis* ("IFP"), alleges Defendants are liable for civil rights violations including false arrest, unlawful search,

//

//

//

ORDER- 1

and racial discrimination. (*See* Am. Compl.[1] (Dkt. # 12) at 3; IFP Mot. (Dkt. # 1); 8/18/15 Order (Dkt. # 5) at 1 (granting Ms. Le IFP status).) Ms. Le opposes the motion to dismiss (MTD Resp. (Dkt. # 11)), and Defendants have filed a reply (MTD Reply (Dkt. # 14)). Having considered the submissions of the parties, the appropriate portions of the record, and the relevant law, and considering itself fully advised,[2] the court DISMISSES Ms. Le's amended complaint, and GRANTS her 30 days to amend her complaint to include the requisite factual specificity.

## II.   BACKGROUND

This case arises out of a July 23, 2014, incident between Ms. Le and certain officers of the Kent Police Department. (Am. Compl. at 13.) That day, Officer Bava was patrolling for the Kent Police Department. (*Id.* at 16.) When driving southbound on Pacific Highway, Officer Bava saw a van that he recognized as owned by Ms. Le and her husband, Khanh Le. (*Id.*) Their Nissan van is recognizable because of the numerous

---

[1] After Defendants moved to dismiss Ms. Le's complaint, Ms. Le filed a pleading which she stylized as an "Ammendment." (*See* Am. Compl. (Dkt. # 12).) That pleading is similar to the original complaint filed in this case, except that it attaches 24 pages of evidence. (*Compare* Am. Compl. *with* Compl. (Dkt. # 6).) In light of the liberal reading afforded pro se plaintiffs, the court construes the second filing as an amended complaint. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Because Defendants' motion to dismiss readily applies to the amended complaint and Defendants treated Ms. Le's later filing as an amended complaint, the court analyzes the motion to dismiss as applied to the amended complaint. (*See* MTD; *see also* MTD Reply (Dkt. # 14) at 1 (treating the latter filing as an amended complaint and arguing that it too should be dismissed for failure to state a claim).) The court cautions Ms. Le that "the general rule is that an amended complaint supersedes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).

[2] The parties do not request oral argument and the court finds it unnecessary for the disposition of this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

anti-law enforcement signs on its exterior, as well as an American flag that flies atop the van. (*Id.* at 9, 16.)

Officer Bava followed the Nissan van, witnessed two illegal lane changes, and pulled up beside the van. (*Id.* at 16.) Officer Bava pulled the Nissan van over because he believed Mr. Le was driving the car with a suspended license. (*Id.* at 2, 16.) Ms. Le alleges that she was driving the car at the time; either way, Ms. Le was behind the wheel when Officer Bava reached the side of the van. (*Id.* at 2.) Officer Bava told Ms. Le that "you switched drivers," and asked her for the keys to the car. (*Id.*) Ms. Le was taken to Score Jail and charged with making false statements and aiding or abetting driving with a suspended license. (*Id.* at 2, 10, 12.)

Ms. Le contends that Officer Bava's actions constitute "illegal apprehension, false imprisonment and unlawful search . . . touching my body inappropriately and racial discrimination." (*Id.* at 3.) Ms. Le further alleges that Officer Nixon, also of the Kent Police Department, made false statements under oath on June 10, 2015. (*Id.*) As recompense, Ms. Le seeks to recover her impound fee ($300.00), her bail bond ($200.00), her attorney's fees ($2,500.00), and damages for mental anguish caused by Officers Bava ($250,000.00) and Nixon ($250,000.00).

### III. ANALYSIS

Defendants contend that Ms. Le fails to state a claim. (MTD at 1.) The court analyzes this motion under Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6).

A.     **Legal Standard**

When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

The court, however, need not accept as true a legal conclusion presented as a factual allegation. *Id.* at 678. Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). A pleading that offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss under Rule 12(b)(6). *Id.* Lastly, although "the allegations of [a pro se plaintiff's] complaint, 'however inartfully pleaded' are held 'to less stringent standards than normal pleadings drafted by lawyers,'" *Hughes*, 449 U.S. at 9 (quoting *Haines v. Kerner*, 404

U.S. 519, 520 (1972)), this does not preclude dismissal where "a liberal construction does not remedy the palpable deficiencies in [the] complaint," *Wallmuller v. Russell*, No. C14-5121RBL-JRC, 2014 WL 2475978, at *2 (W.D. Wash. June 3, 2014).

B.   **Defendants' Motion to Dismiss**

In order to state a claim under 42 U.S.C. § 1983, the complaint must allege that some person has deprived Ms. Le of a federal right, and that the offending person was acting under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). A city can also be sued if the deprivation of rights was pursuant to "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). Construed in the light most favorable to Ms. Le, the allegations fail to give rise to a plausible right to relief.

Ms. Le first alleges that Officer Bava stopped her in Federal Way and accused her of switching drivers. (Am. Compl. at 2.) Ms. Le's allegations about the incident are factually deficient and legally conclusory. For instance, the court gives no weight to the conclusory statement that Ms. Le "was illegally apprehended and searched," or that her "rights were violated under Section 1983." (*Id.*); *see also Iqbal*, 556 U.S. at 678. Ms. Le further alleges that she was "transported to Score Jail," which does not implicate Officer Bava in any way. (Am. Compl. at 2.) Officer Bava's police report, attached to Ms. Le's amended complaint, only serves to demonstrate that the July 23, 2014, traffic stop was based on his observation of Mr. Le driving the car. (*Id.* at 16.) It therefore gives rise to no inference of the deprivation of Ms. Le's federal rights.

ORDER- 5

The only other mention of Officer Bava is in the prayer for relief, which seeks $250,000.00 for the mental anguish he allegedly inflicted on Ms. Le. (*Id.* at 3.) Specifically, Ms. Le alleges Officer Bava subjected her to "illegal apprehension, false imprisonment, and unlawful search by a male Officer Bava #161287 touching my body improperly and racial discrimination because I am white and my husband is Asain [sic]." (*Id.*) Again, these are all legal labels and conclusions that the court cannot consider in evaluating the sufficiency of a complaint. *See Iqbal*, 556 U.S. at 678. Ms. Le provides no facts about the incident besides those contained in Officer Bava's police report,[3] which portrays a routine traffic stop and reasonable charges against Ms. Le. (*See* Am. Compl. at 13-16.)

Ms. Le mentions Officer Nixon twice in her amended complaint. She alleges that on July 2, 2014, Officer Nixon issued tickets to Mr. Le and Ms. Le that are "five hundred numbers apart." (*Id.* at 1.) Ms. Le indicates that she went to court and her case was dismissed on July 13, 2015, due to a hung jury. (*Id.* at 1-2.) Officer Nixon apparently mentioned the anti-government message on Ms. Le's van, potentially at some point during trial. (*Id.*) However, the mere fact that Ms. Le's case was dismissed does not give rise to an inference of liability under Section 1983.

---

[3] Ms. Le's initial complaint alleges that a judge in Federal Way Municipal Court indicated that Officer Bava illegally apprehended and detained Ms. Le. (Compl. at 2-3.) The initial complaint is no longer operative. *See Lacey*, 693 F.3d at 927. However, even if that allegation were included in the amended complaint, it too comprises a legal conclusion. *See Iqbal*, 556 U.S. at 678. Without pleading facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the court must dismiss Ms. Le's case. *Id.* at 663.

Ms. Le's final reference to Officer Nixon is in the plea for relief, which seeks $250,000.00 for "the false statements made under oath June 10, 2015," by Officer Nixon. (*Id.* at 3.) This statement is again conclusory, and Ms. Le provides no facts from which the court could infer that the statement is true. (*Id.*) Moreover, it is unclear that even if it were true, that it would give rise to a Section 1983 action for Ms. Le. *See Gomez*, 446 U.S. at 640 (requiring that the plaintiff allege "that some person has deprived [her] of a federal right . . . under color of state or territorial law"). The court therefore concludes that Ms. Le has failed to state a claim against either officer.

Lastly, at least according to the case caption, Ms. Le names the City of Kent as a party to this lawsuit.[4] (*See* Dkt.) However, she does not identify any way in which the alleged constitutional violations she has suffered are pursuant to an official policy of the City of Kent. (*See* Am. Compl.); *Monell*, 436 U.S. at 694; *see also Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (requiring that a Section 1983 plaintiff, when suing a local government entity, show (1) that she was deprived of a constitutional right, (2) that the local government entity had a policy, (3) that the policy amounts to a deliberate indifference to the constitutional right, and (4) that the policy was the moving force behind the constitutional violation). Indeed, Ms. Le identifies no policy whatsoever of the City of Kent. (*See* Am. Compl.) Furthermore, as analyzed above, all of the constitutional violations Ms. Le alleges are conclusory. *See Iqbal*, 556 U.S. at 678.

---

[4] Neither Ms. Le's initial complaint nor her amended complaint appear to name the City of Kent as a Defendant to the suit. (*See* Compl. at 1; Am. Compl. at 1.) However, in construing Ms. Le's complaint liberally, the court considers all of the defendants captioned on the docket, which includes the City of Kent. (*See* Dkt.)

1  Accordingly, to the extent Ms. Le sought to state a claim against the City of Kent, the
2  court dismisses that claim.
3  When a court dismisses a pro se plaintiff's complaint, leave to amend is
4  mandatory unless it is absolutely clear that amendment could not cure the defects in the
5  complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). When Ms. Le filed
6  her amended complaint, she had Defendants' motion to dismiss to alert her of the legal
7  standards governing her claim and the factual deficiencies therein. The court has further
8  illuminated those insufficiencies, and GRANTS Ms. Le 30 days to file an amended
9  complaint that cures them. If Ms. Le fails to timely comply with this order or fails to
10 remedy the issues identified herein, the court will take treat that failure as evincing the
11 futility of further amendment.

## IV.  CONCLUSION

13 The court GRANTS Defendants' motion to dismiss (Dkt. # 10) and DISMISSES
14 Ms. Le's amended complaint with leave to file a second amended complaint within 30
15 days of the filing of this order. The court cautions Ms. Le that if she fails to state a claim
16 in response to this order, the court will treat that failure as an indication that further
17 amendment would be futile, which can constitute grounds to dismiss without leave to
18 amend.
19 Dated this 5th day of January, 2016.

JAMES L. ROBART
United States District Judge

ORDER- 8