1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACQUELYN ANN LE,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>OFFICER BAVA, et al.,<br><br>　　　　　　Defendants. | CASE NO. C15-1165JLR<br><br>ORDER DENYING PLAINTIFF'S MOTION TO JOIN AND GRANTING DEFENDANTS' MOTION TO DISMISS |

10

11

12

13

14

15

## I.   INTRODUCTION

16 　　　This matter comes before the court on Plaintiff Jacquelyn Le's motion to join the

17 City of Kent and the Kent Police Department as defendants (MTJ (Dkt. # 27)), and

18 Defendants Officer Bava, Officer Nixon, and the City of Kent's (collectively,

19 "Defendants") motion to dismiss Ms. Le's second amended complaint (2d MTD (Dkt.

20 # 18)).  Ms. Le is proceeding *pro se* and *in forma pauperis* ("IFP").  In her second

21 amended complaint, Ms. Le alleges Defendants are liable for civil rights violations

22 including false arrest, unlawful search, inappropriate sexual contact, and racial

ORDER- 1

1    discrimination.  (SAC (Dkt. # 16) at 6.)  Having considered the submissions of the

2    parties, the appropriate portions of the record, and the relevant law, the court DENIES

3    Ms. Le's motion to join, GRANTS Defendants' motion to dismiss, DISMISSES Ms. Le's

4    second amended complaint, and ORDERS Ms. Le to show cause within 15 days why

5    amendment would not be futile with regard to Officer Bava.

## II.    BACKGROUND

7    This case arises out of a July 23, 2014, incident between Ms. Le and certain

8    members of the Kent Police Department.  (SAC at 1.)  On that day, Officer Bava was

9    patrolling for the Kent Police Department.  (*See* Am. Compl. (Dkt. # 12) at 13-16; SAC

10   at 8 ("Police Report") at 5.)[1]  While driving southbound on Pacific Highway, Officer

11   Bava saw a van that he recognized as owned by Ms. Le and her husband, Khanh Le.

12   (Police Report at 4.)  Their Nissan van was recognizable because of the numerous anti-

13   law enforcement signs on its exterior and an American flag that flew atop the van.  (*Id.*)

14   Officer Bava followed the Nissan van, witnessed two illegal lane changes, and

15   pulled up beside the van.  (*Id.*)  Officer Bava saw Ms. Le notice his patrol vehicle from

16   her position in the passenger seat.  (*Id.* at 5.)  Officer Bava slowed down and got behind

17   —————————————

18   [1] Ms. Le attached the first four pages of Officer Bava's five-page police report to her
     amended complaint, but only the fifth page of the report is attached to Ms. Le's second amended
19   complaint.  (*See* Am. Compl. at 13-16; SAC at 8.)  However, Ms. Le references the contents of
     the first four pages of the police report in her second amended complaint.  (*See* SAC at 1.)  In
20   light of Ms. Grant's *pro se* status, the court considers the second amended complaint as if the
     first four pages of the Police Report were attached.  *See McGuire v. Clackamas Cty. Counsel,*
21   No. 08-CV-1098-AC, 2009 WL 4456310, at *2 n.2 (D. Or. Nov. 24, 2009) (considering exhibits
     attached to a *pro se* plaintiff's prior complaint).  The court cites to the police report using its
22   original pagination, not the page numbers created by the electronic filing system.  (*See* Police
     Report at 1-5.)

ORDER- 2

1   the Nissan. (*Id.*)  After the Nissan stopped at a red light, it rocked back and forth and "it

2   was apparent to [Officer Bava] that the occupants were moving around inside the

3   Nissan." (*Id.*)  Officer Bava pulled the van over because he believed Mr. Le had been

4   driving with a suspended license. (*Id.*)  Ms. Le alleges that she was driving the car at the

5   time; either way, Ms. Le was behind the wheel when Officer Bava reached the side of the

6   van. (SAC at 1; Police Report at 5.)  Officer Bava told Ms. Le that she was under arrest,

7   handcuffed her, and searched her person. (SAC at 3; Police Report at 5.)  After reading

8   Ms. Le her *Miranda* warnings, Officer Bava transported Ms. Le to "SCORE Jail," where

9   she was charged with making false statements and aiding and abetting driving with a

10  suspended license. (SAC at 3; Police Report at 5.)

11       Ms. Le contends that Officer Bava's actions constitute "unlawful apprehension

12  and detainment" and "unlawful search . . . touching my breasts and genital area." (SAC

13  at 6.)  Ms. Le further alleges that Officer Nixon, also of the Kent Police Department,

14  made false statements under oath on June 10, 2015. (*Id.*)  As recompense, Ms. Le seeks

15  to recover her impound fee ($300.00), her bail bond ($200.00), her attorney's fees

16  ($2,500.00), and damages for mental anguish caused by Officers Bava ($250,000.00) and

17  Nixon ($250,000.00). (*Id.*)

18       Ms. Le filed her initial complaint in this matter on August 18, 2015 (Compl. (Dkt.

19  # 6)) and voluntarily amended her complaint on September 25, 2015 (Am. Compl.).  In

20  Ms. Le's amended complaint, she alleged various civil rights violations under 42 U.S.C.

21  § 1983. (*See* Am. Compl.)  The court concluded that Ms. Le's amended complaint

22  contained insufficient and legally conclusory allegations and dismissed Ms. Le's

ORDER- 3

1 | amended complaint for failure to state a claim.  (1/5/16 Order (Dkt. # 15) at 8.)  The court

2 | granted Ms. Le leave to amend, but cautioned her that if she failed to remedy the

3 | deficiencies in her amended complaint, the court would "treat that failure as evincing the

4 | futility of further amendment."  (*Id.*)  Ms. Le filed her second amended complaint on

5 | February 1, 2016, and Defendants have moved to dismiss that complaint with prejudice

6 | under Federal Rule of Civil Procedure 12(b)(6).  (*See* SAC; 2d MTD.)  Ms. Le moves to

7 | join the City of Kent and the Kent Police Department as defendants in this matter.

8 | (MTJ.)  These motions are now before the court.

### III.   ANALYSIS

**A.      Ms. Le's Motion to Join Additional Parties**

Ms. Le filed a "motion to join additional party" in which she seeks to add the City of Kent and the Kent Police Department as defendants.  (MTJ at 1.)  The court has already indicated that it considers Ms. Le's complaint as proceeding against the City of Kent as well as Officers Bava and Nixon.  (1/5/16 Order at 7 n.4.)  Therefore, Ms. Le's request to add the City of Kent as a defendant is moot.  The court directs the Clerk to add the City of Kent as a defendant to the court's electronic docket.[2]

Ms. Le also seeks to join the Kent Police Department.  (MTJ at 1.)  "In order to bring an appropriate action challenging the actions, policies or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action,

_____

[2] The court dismisses with prejudice Ms. Le's claims against the City of Kent.  *See infra* §§ III.C-III.D.  However, the court directs the Clerk to add and terminate the City of Kent to ensure the docket accurately reflects the parties to this case.

ORDER- 4

1 and not the particular municipal department or facility where the alleged violation

2 occurred." *See Bradford v. City of Seattle*, 557 F. Supp. 2d 1189, 1207 (W.D. Wash.

3 2008) (dismissing the Seattle Police Department as a defendant because it "is not a legal

4 entity capable of being sued"). The court therefore concludes that there is no legal theory

5 under which Ms. Le could proceed against the Kent Police Department. Accordingly, the

6 court denies Ms. Le's motion.

7 **B.      Legal Standard for Defendants' Motion to Dismiss**

8          When considering a motion to dismiss under Rule 12(b)(6), the court construes the

9 complaint in the light most favorable to the non-moving party. *Livid Holdings Ltd. v.*

10 *Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept

11 all well-pleaded allegations of material fact as true and draw all reasonable inferences in

12 favor of the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658,

13 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient

14 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

15 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

16 544, 570 (2007)); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir.

17 2010). "A claim has facial plausibility when the plaintiff pleads factual content that

18 allows the court to draw the reasonable inference that the defendant is liable for the

19 misconduct alleged." *Iqbal*, 556 U.S. at 663.

20         The court, however, need not accept as true a legal conclusion presented as a

21 factual allegation. *Id.* at 678. Although the pleading standard announced by Federal

22 Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more

ORDER- 5

1  than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing

2  *Twombly*, 550 U.S. at 555).  A pleading that offers only "labels and conclusions or a

3  formulaic recitation of the elements of a cause of action" will not survive a motion to

4  dismiss under Rule 12(b)(6). *Id.*  "Factual allegations must be enough to raise a right to

5  relief above the speculative level on the assumption that all of the complaint's allegations

6  are true." *Twombly*, 550 U.S. at 545.  Lastly, although "the allegations of [a *pro se*

7  plaintiff's] complaint, 'however inartfully pleaded' are held 'to less stringent standards

8  than normal pleadings drafted by lawyers,'" *Hughes v. Rowe*, 449 U.S. 5, 9 (quoting

9  *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), this does not preclude dismissal where "a

10  liberal construction does not remedy the palpable deficiencies in [the] complaint,"

11  *Wallmuller v. Russell*, No. C14-5121RBL-JRC, 2014 WL 2475978, at *2 (W.D. Wash.

12  June 3, 2014).

13  **C.    Defendants' Motion to Dismiss**

14       In order to state a claim under 42 U.S.C. § 1983, Ms. Le must allege that some

15  "person" has deprived her of a federal right and that the offending person was acting

16  under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  Cities are

17  "persons" that can be sued directly under Section 1983. *See Monell v. Dep't of Soc.*

18  *Servs.*, 436 U.S. 658, 690 (1978); *Delia v. City of Rialto*, 621 F.3d 1069, 1081 (9th. Cir.

19  2010).  To state an adequate Section 1983 claim against a city, a plaintiff must

20  "demonstrate that the alleged constitutional deprivation was the product of a policy or

21  custom" of the city. *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).  Mere

22  acquiescence in a single instance of alleged unconstitutional conduct is not sufficient to

ORDER- 6

1  demonstrate a policy or custom. *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir.

2  1992).

3        State officials sued in their official capacity for damages are not persons from

4  whom a plaintiff can obtain relief under Section 1983 because state officials assume the

5  identity of the government that employs them. *See Arizonans for Official English v.*

6  *Arizona*, 520 U.S. 43, 69 n.24 (1997); *Hafer v. Melo*, 502 U.S. 21, 27 (1991). When sued

7  in their personal capacity, however, state officials are persons under Section 1983. *See*

8  *Hafer*, 502 U.S. at 31. Where the plaintiff seeks damages against a state official, a strong

9  presumption exists in favor of a personal-capacity suit because official-capacity suits for

10  damages are barred. *See Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999);

11  *Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho*, 42 F.3d 1278, 1284 (9th Cir.

12  1994). Vicarious liability does not apply to Section 1983 suits, and "a plaintiff must

13  plead that each Government-official defendant, through the official's own individual

14  actions, has violated the Constitution." *Iqbal*, 556 U.S. at 663. Considering these

15  authorities, and construed in the light most favorable to Ms. Le, the allegations in the

16  second amended complaint fail to give rise to a plausible right to relief.

17        The court previously dismissed Ms. Le's claims against the City of Kent because

18  Ms. Le "identifie[d] no policy whatsoever of the City of Kent" and "all of the

19  constitutional violations Ms. Le alleges are conclusory." (1/5/16 Order at 7 (citing *Iqbal*,

20  556 U.S. at 678).) The court granted Ms. Le leave to amend and cautioned Ms. Le that if

21  she "fail[ed] to remedy the issues identified" in the order, the court would "treat that

22  failure as evincing the futility of further amendment." (1/5/16 Order at 8.) Ms. Le again

ORDER- 7

1  fails to identify any way in which the alleged constitutional violations she claims to have

2  suffered are related to an official policy or custom of the City of Kent.  (*See generally*

3  SAC.)  By not alleging any facts about an official policy or custom, Ms. Le has failed to

4  remedy the issues the court identified in its previous order.  The court therefore dismisses

5  Ms. Le's claims against the City of Kent.

6        Similarly, Ms. Le has failed to remedy the inadequacies in her amended complaint

7  with regard to her allegations against Officer Nixon.  Ms. Le previously alleged that on

8  July 2, 2014, Officer Nixon issued tickets to Mr. and Ms. Le that were "five hundred

9  numbers apart" (Am. Compl. at 1) and that Officer Nixon made false statements under

10  oath on June 10, 2015 (*id.* at 3).  The court dismissed these claims on the ground that they

11  failed to state an actionable Section 1983 claim.  (1/5/16 Order at 2, 8.)  Ms. Le adds no

12  detail to these allegations against Officer Nixon.  (*See generally* SAC.)  Instead, she

13  recites the same two allegations:  (1) that Officer Nixon issued tickets to Mr. and Ms. Le

14  that were "five hundred numbers apart" (*id.* at 3-4); and (2) that Officer Nixon made a

15  false statement on June 10, 2015, "when he mentioned under oath anti government signs

16  on [Ms. Le's] van" (*id.* at 4).  Ms. Le has failed to remedy the issues the court identified

17  in its previous order.  The court therefore dismisses Ms. Le's claims against Officer

18  Nixon.

19        The court previously indicated that Ms. Le's allegations against Officer Bava

20  failed to state a plausible right to relief because Ms. Le's allegations were "factually

21  deficient and legally conclusory."  (1/5/16 Order at 5-6 ("Ms. Le provides no facts about

22  the incident besides those contained in Officer Bava's police report, which portrays a

1    routine traffic stop and reasonable charges against Ms. Le.").) Ms. Le's allegations

2    against Officer Bava in her second amended complaint are for the most part just as

3    conclusory and lacking in factual specificity as Ms. Le's previous allegations.

4         Ms. Le alleges that Officer Bava "issued a false and illegal citation," which is a

5    conclusory statement the court disregards. (SAC at 2; 1/5/16 Order at 6 (citing *Iqbal*, 556

6    U.S. at 678).) Similarly, the court disregards as conclusory Ms. Le's allegations that

7    Officer Bava pulled her over "with no probable cause," and that her arrest was an

8    "unlawful apprehension." (SAC at 1-2.) These conclusory allegations also directly

9    conflict with the information in Officer Bava's police report, which provides the only

10   nonconclusory factual account of the vehicle stop on the record. (*See* Police Report at

11   4-5 (indicating that Officer Bava saw Mr. Le in the driver's seat, that Mr. Le had a

12   suspended license, and that the van made illegal lane changes).) Ms. Le also provides

13   inadequate factual support for her racial discrimination allegations, which she supports

14   with only two statements: "I am white and my husband is Asian," and "I feel the actions

15   made by Kent Police were racially motivated." (SAC at 5-6.) These allegations are

16   comprised of "labels and conclusions," and as such they are insufficient to state a

17   plausible claim against Officer Bava. *See Twombly*, 550 U.S. at 555.

18        The only allegation to which Ms. Le added relevant factual detail involves the

19   search that Officer Bava performed on Ms. Le. (*See* SAC at 3; Police Report at 5.) Ms.

20   Le previously alleged that Officer Bava committed an "unlawful search" and "touch[ed]

21   my body improperly." (Am. Compl. at 12.) The court concluded that those allegations

22   fail to state a claim because Ms. Le provided "no facts about the incident besides those

ORDER- 9

1  contained in Officer Bava's police report, which portrays a routine traffic stop." (1/5/16

2  Order at 6.)  The second amended complaint alleges that Officer Bava

> without a female officer present, lewdfully searched me, he placed his
> hands on my breasts rubbing them then he placed his hands in my pockets
> next he ran his hands down the outside of my legs and up the inside of my
> legs proceeding to my genital area.

(SAC at 3.)  Even construing these additional details in the light most favorable to Ms.

Le, the second amended complaint fails to state an actionable claim against Officer Bava.

The Fourth Amendment prohibits "unreasonable searches and seizures."  U.S.

Const. amend. IV.  Barring misconduct, "a warrantless, full search of a suspect's person

incident to a lawful arrest" is a reasonable search that the Fourth Amendment does not

prohibit.  *United States v. Morgan*, 799 F.2d 467, 469 (9th Cir. 1986) (citing *Chimel v.

California*, 395 U.S. 752, 762-63 (1969)).  Particularly when an officer transports a

suspect in his or her police car, officer safety justifies a reasonable pat-down search of

that suspect.  *See Maryland v. Wilson*, 519 U.S. 408, 412 (1997).  However, a search that

involves sexual misconduct is unreasonable because there is no legitimate government

interest that justifies it.  *Fontana v. Haskin*, 262 F.3d 871, 880 (9th Cir. 2001).

For example, the Ninth Circuit held that a plaintiff stated a plausible Fourth

Amendment claim under Section 1983 when she alleged that

> [d]uring the ride to the station, [the defendant officer] wrongfully and
> inappropriately touched and sexually harassed plaintiff.  His conduct
> included the following: telling plaintiff she had nice legs; telling plaintiff
> that he could be her "older man"; putting his arm around plaintiff;
> massaging her shoulders.  Defendant's conduct persisted, even after
> plaintiff asked him to stop.  At the police station, [the defendant] continued
> making sexual comments to plaintiff, including offering to "help her" in the
> restroom.

ORDER- 10

1   *Id.* at 875.  However, the court cautioned that "not every truthful allegation of sexual

2   bodily intrusion during an arrest is actionable as a violation of the Fourth Amendment"

3   because "some bodily intrusions may be provably accidental or *de minimis* and thus

4   constitutionally reasonable." *Id.* at 880.  For instance, a plaintiff failed to state an

5   actionable Section 1983 claim by alleging that an officer "slapp[ed] him once on the

6   butt," because it was a "*de minimis* bodily intrusion and therefore must be deemed

7   constitutionally reasonable." *Bell v. King Cty.*, No. C07-1790-RSM, 2008 WL 4779736,

8   at *2 (W.D. Wash. Oct. 31, 2008).

9           Additionally, courts have held as a matter of law that there is no Fourth

10  Amendment violation when a search incident to arrest "included incidental contact with

11  [the plaintiff's] breasts and genital area," *Golden v. Cty. of Westchester*, No. 10-CV-8933

12  ER, 2012 WL 4327652, at *6 (S.D.N.Y. Sept. 18, 2012), and when during a search an

13  officer "cupped [the plaintiff's] groin area," *Wright v. Cty. of Waterbury*, No. 3:07-CV-

14  306 CFD, 2011 WL 1106217, at *7 (D. Conn. Mar. 23, 2011).  These cases contained

15  testimony strikingly similar to Ms. Le's allegations.  In *Golden*, for example, the plaintiff

16  alleged that the officer "had me stand up with my hands out. He search me up this way,

17  went across my breast, came back that way . . . [t]hen he told me to put my hands on the

18  back of the car, and he searched my bottom part.  He went up my [ankles], came back up,

19  touched my private part, went back down, told me to turn around, and he came down and

20  searched the back of me." *Golden*, 2012 WL 4327652, at *6.

21          Ms. Le presents three distinct allegations of sexual misconduct on the part of

22  Officer Bava.  (SAC at 3.)  First, Ms. Le alleges that there was no female officer present

ORDER- 11

1  during the search. *Id.* That allegation fails to state a claim because there is no

2  constitutional right to be searched by an officer of the same sex. *See* Golden, 2012 WL

3  4327652, at *6. Second, Ms. Le alleges that Officer Bava "lewdfully searched me,"

4  which is a conclusory statement the court disregards under *Iqbal*. (SAC at 3); *Iqbal*, 556

5  U.S. at 678. Third, Ms. Le alleges that Officer Bava "placed his hands on my breasts

6  rubbing them then he placed his hands in my pockets next he ran his hands down the

7  outside of my legs and up the inside of my legs proceeding to my genital area." (SAC at

8  3.) This allegation fails to support a Fourth Amendment claim under Section 1983

9  because it describes nothing more than the incidental, *de minimis* contact typical of a

10  search incident to arrest. *See Fontana*, 262 F.3d at 880 (explaining that *de minimis*

11  bodily intrusions incident to arrest are constitutionally reasonable).

12        Officer Bava placed Ms. Le under arrest before conducting a pat-down search.

13  (Police Report at 5.) Officer safety justified a pat-down search because Officer Bava

14  planned to transport Ms. Le to SCORE Jail in his patrol car. (*Id.*; SAC at 3); *see also*

15  *Wilson*, 519 U.S. at 412. The only remaining question is whether Officer Bava engaged

16  in sexual misconduct. Running one's hands over a person's body describes a routine pat-

17  down search. *See, e.g., Bell*, 2008 WL 4779736, at *2; *Golden*, 2012 WL 4327652, at *6.

18  "Rubbing" can be sexual in nature, but Ms. Le does not allege any facts that suggest that

19  Officer Bava's physical contact was sexual. (*See* SAC at 3.) In other words, Ms. Le's

20  allegations are more analogous to the claim that an officer "slapp[ed] plaintiff once on the

21  butt" in *Bell* than the overt sexual advances in *Fontana*. *Bell*, 2008 WL 4779736, at *2;

22  *Fontana*, 262 F.3d at 875. Therefore, Ms. Le's allegations of sexual misconduct by

1    Officer Bava do not give rise to a plausible right to relief "beyond a speculative level."

2    *Twombly*, 550 U.S. at 545.  Accordingly, the court dismisses Ms. Le's claims against

3    Officer Bava.

4    **D.      Leave to Amend**

5          When a court dismisses a *pro se* plaintiff's complaint, leave to amend is

6    mandatory unless it is absolutely clear that amendment could not cure the defects in the

7    complaint.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  "A district court,

8    however, does not abuse its discretion in denying leave to amend where amendment

9    would be futile." *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002).

10   The court previously illuminated many of the deficiencies in Ms. Le's amended

11   complaint.  (*See* 1/5/16 Order at 8.)  Those flaws largely remain in Ms. Le's second

12   amended complaint.  *See supra* § III.C.  Additionally, the court cautioned Ms. Le that if

13   she failed to state a claim in response to the court's order, the court would treat that

14   failure as evidence of the futility of future amendment.  (1/5/16 Order at 8.)

15         Ms. Le has failed to remedy the deficiencies in her amended complaint with regard

16   to the City of Kent and Officer Nixon.  *See supra* § III.C.  Despite the court's warnings,

17   Ms. Le has not alleged additional facts that would give rise to a Section 1983 claim

18   against these two defendants.  Therefore, the court concludes that further amendment

19   would be futile with regard to Ms. Le's allegations against the City of Kent and Officer

20   Nixon.  Accordingly, the court denies Ms. Le leave to amend her second amended

21   complaint with respect to these two defendants and dismisses her claims against the City

22   of Kent and Officer Nixon with prejudice.

ORDER- 13

1    Ms. Le also failed to remedy the deficiencies in her amended complaint with

2    regard to Officer Bava.  The court concluded that the allegations in Ms. Le's amended

3    complaint failed to state a claim because Ms. Le provided "no facts about the incident

4    besides those contained in Officer Bava's police report, which portrays a routine traffic

5    stop." (1/5/16 Order at 6.)  Ms. Le did not add sufficient factual detail in her second

6    amended complaint to allow the court to plausibly infer a right to relief "beyond a

7    speculative level." *Twombly*, 550 U.S. at 545; *see also supra* § III.C.

8         Given that Ms. Le failed to state a claim against Officer Bava after amending her

9    complaint, the court defers ruling on whether to allow Ms. Le leave to amend and orders

10   Ms. Le to show cause why the court should not dismiss her claims against Officer Bava

11   without leave to amend.  In her filing, Ms. Le must indicate what factual detail about

12   Officer Bava's search incident to arrest she would add to an amended complaint and how

13   those allegations would allow the court to plausibly infer that her constitutional rights

14   were violated.  Ms. Le must submit this information within 15 days of the date of this

15   order.  If Ms. Le does not timely comply with this order or fails to show cause, the court

16   will take that failure to indicate the futility of further amendment and will deny leave to

17   amend.

18              IV.   CONCLUSION

19        The court DENIES Ms. Le's motion to join additional parties (Dkt. # 27) and

20   GRANTS Defendants' motion to dismiss (Dkt. # 18).  The court DISMISSES WITH

21   PREJUDICE Ms. Le's claims against the City of Kent and Officer Nixon.  The court

22   DISMISSES WITHOUT PREJUDICE Ms. Le's claims against Officer Bava.  The court

ORDER- 14

1 | DIRECTS the Clerk to add and terminate the City of Kent as a party to this action. The

2 | court ORDERS Ms. Le to show cause within 15 days of the date of this order why

3 | amendment would not be futile with regard to her claims against Officer Bava. The court

4 | cautions Ms. Le that if she fails to timely show cause in response to this order, the court

5 | will treat that failure as an indication that amendment would be futile and will dismiss her

6 | claims against Officer Bava without leave to amend.

7 | Dated this 20th day of May, 2016.

8

9 | JAMES L. ROBART
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 15